UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RALPH EDWARD WAGNER,

        Plaintiff,

  -v-

COMMISSIONER OF SOCIAL SECURITY,[1]

        Defendant.
_____

17-CV-619-MJR

DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 15).

Plaintiff Ralph Edward Wagner brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying him Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Wagner's motion (Dkt. No. 11) is denied and the Commissioner's motion (Dkt. No. 13) is granted.

## BACKGROUND

On May 28, 2009, Wagner filed an application for SSI alleging disability since December 1, 2005 due to attention deficit hyperactivity disorder ("ADHD"), anxiety, depression, and high blood pressure. (*See* Tr. 126, 213-16, 229).[2] Born in 1954, Wagner was fifty-five years old at the time of his application. (Tr. 213). Wagner's SSI application was denied on October 1, 2009 (Tr. 126-30), after which he requested a hearing before

---

[1]      The Clerk of Court is directed to amend the caption accordingly.
[2]      References to "Tr." are to the administrative record in this case.

an Administrative Law Judge (Tr. 131-33). On February 28, 2011, Wagner, represented by counsel, appeared before Administrative Law Judge Robert T. Harvey ("ALJ Harvey") for a hearing. (Tr. 64-105). On March 21, 2011, ALJ Harvey issued his decision denying Wagner's SSI claim. (Tr. 28-42). After the Appeals Council denied Wagner's request for review of ALJ Harvey's decision (Tr. 1-5), Wagner commenced suit in this Court challenging the denial of benefits. *Wagner v. Colvin*, 13-CV-346-MAT-LGF (W.D.N.Y). On April 20, 2016, the Hon. Michael A. Telesca issued a Decision and Order remanding the case to the Commissioner for further consideration, including further development of the administrative record. *See id.*

Upon remand, Wagner, again represented by counsel, appeared before Administrative Law Judge Bryce Baird ("ALJ Baird") on November 21, 2016 for another hearing on his SSI claim. (Tr. 447-504). ALJ Baird denied Wagner's claim on May 5, 2017. (Tr. 419-44). Wagner opted not to file exceptions with the Appeals Council, making ALJ Baird's decision the final decision of the Commissioner. (*See* Tr. 419-20). This action followed.[3]

## **DISCUSSION**

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the]

---

[3] Wagner filed another SSI claim on March 8, 2016 alleging additional impairments of shoulder and leg pain and memory loss. (*See* Tr. 634-40, 656). ALJ Baird's decision covers this claim as well. (*See* Tr. 422, 549).

conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe

impairment." *Id.* §416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 to subpart P of part 404 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* Finally, if the claimant

cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *ALJ Baird's Decision*

ALJ Baird followed the required five-step analysis for evaluating Wagner's SSI claim. Under step one, ALJ Baird found that Wagner has not engaged in substantial gainful activity since his May 28, 2009 SSI application date. (Tr. 424). At step two, ALJ Baird concluded that Wagner has the following severe impairments: major depressive disorder, anxiety disorder, schizophrenia spectrum disorder, bipolar disorder, and arthritis. (*Id.*). At step three, ALJ Baird found that Wagner does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 425). Before proceeding to step four, ALJ Baird assessed Wagner's RFC as follows:

> [T]he claimant has the residual functional capacity to perform medium work as defined in [20 C.F.R. §416.967(c)][4] except [he] can lift and carry on occasion up to 50 pounds, lift and carry frequently up to 25 pounds; can sit up to 6 hours in an 8-hour workday and stand and walk up to 6 hours in an 8-hour workday. In addition, [he is] limited to simple, routine tasks, which can be learned after short demonstration or within 30 days; limited to work with no production rate or pace work; no interaction or only superficial interaction with the public and no more than occasional interaction with co-workers; limited to work that would not require team work such as on a production line and work that requires doing the same tasks every day with little variation in location, hours or tasks.

(Tr. 427). Proceeding to step four, ALJ Baird found that Wagner has no past relevant work performed at the level of substantial gainful activity. (Tr. 435). Thus, at the fifth step, ALJ Baird considered Wagner's age, education, work experience, RFC, and the testimony of a vocational expert to conclude that Wagner can perform jobs that exist in significant numbers in the national economy, such as cleaner/janitor, dishwasher, and laundry worker. (Tr. 435-36). Accordingly, ALJ Baird found that Wagner can successfully adjust to other work and, therefore, that he has not been under a disability within the meaning of the Act since his May 28, 2009 SSI application date. (Tr. 436).

IV.     *Wagner's Challenge*

Wagner argues that ALJ Baird's mental RFC assessment is not supported by substantial evidence because ALJ Baird incorrectly gave "great weight" to the opinion of Dr. Gregory Fabiano and "some weight" to the opinions of Dr. H. Tzetzo and Licensed Master Social Worker ("LMSW") Courtney Marcolini. (Tr. 434); (*See* Dkt. No. 11-1 (Wagner's Memo. of Law)). Dr. Fabiano, a consultative examiner, opined that Wagner's psychiatric problems are not significant enough to interfere with his ability to function on

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §416.967(c).

a daily basis. (Tr. 791-95). Dr. Tzetzo, a state agency review physician, opined that Wagner can handle simple work tasks involving mainly brief and superficial contact with supervisors, coworkers, and the public. (Tr. 557-61). LMSW Marcolini, a treating provider at Horizon Health Services, completed a "mental treating medical source statement" in which she opined that Wagner has a number of work-related limitations and is unable to engage in full-time competitive employment on a sustained basis. (Tr. 849-53).

ALJ Baird's assignment of great weight to Dr. Fabiano's opinion is supported by substantial evidence, including Dr. Fabiano's examination findings. 20 C.F.R. §416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."). Dr. Fabiano noted during his examination of Wagner that Wagner has adequate social skills, intact attention and concentration, impaired memory, good judgment, fair insight, and below average to average intellectual functioning. Based on these findings, Dr. Fabiano found that Wagner's psychiatric problems are not significant enough to interfere with his ability to function on a daily basis. In particular, Dr. Fabiano opined that Wagner can follow and understand simple directions and instructions, perform simple tasks independently, maintain a regular schedule, learn new tasks, perform complex tasks independently, and make appropriate decisions; has only mild limitations relating adequately with others; and has only moderate limitations maintaining attention and concentration and appropriately dealing with stress.

Dr. Fabiano's opinion is also supported by the evidence of record, including records from Horizon. (*See* Tr. 428-31 (summary of Horizon records by ALJ Baird)); 20 C.F.R. §416.927(c)(4) ("Generally, the more consistent a medical opinion is with the

record as a whole, the more weight we will give to that medical opinion."). Wagner began receiving mental health counseling at Horizon in 2006. (Tr. 461, 849). The Horizon medical staff noted at several appointments that Wagner's concentration is good (Tr. 748, 759, 770, 775, 833, 888), which supports Dr. Fabiano's conclusion that Wagner can perform simple to complex tasks independently. The medical staff further noted that Wagner's mood improved with medication (Tr. 738, 750, 756, 761, 772, 942), which supports Dr. Fabiano's findings that Wagner has adequate social skills and is only mildly limited in his ability to relate adequately with others. Although Wagner points to conflicting evidence that he believes undermines Dr. Fabiano's opinion, it is the function of the Commissioner, not the Court, to resolve evidentiary conflicts in the record. *See Carroll*, 705 F.2d at 642.

ALJ Baird's decision to give "some weight" to the opinions of Dr. Tzetzo and LMSW Marcolini is also supported by substantial evidence. (Tr. 434). Although Dr. Tzetzo did not personally examine Wagner, ALJ Baird decided to give her opinion some weight because Dr. Tzetzo had the opportunity to review Wagner's file and is familiar with the SSI program. (*Id.*); 20 C.F.R. §416.927(c)(6) ("[T]he amount of understanding of our disability programs and their evidentiary requirements that a medical source has, regardless of the source of that understanding, and the extent to which a medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion."). ALJ Baird likewise gave some weight to LMSW Marcolini's opinion because she is a treating provider who is familiar with Wagner's mental health history. (Tr. 434); *see* 20 C.F.R. §416.927(c)(2), (f)(1). ALJ Baird correctly declined to give "controlling weight" to LMSW Marcolini's

opinion because, as a licensed master social worker, she is not an "acceptable medical source" under the Commissioner's regulations. (Tr. 434); 20 C.F.R. §§416.902(a), 416.927(a)(2), (c)(2).

Relatedly, Wagner argues that it is unclear which portions of Dr. Tzetzo's and LMSW Marcolini's opinions were afforded "some weight" by ALJ Baird. The following excerpt from ALJ Baird's RFC assessment makes clear, however, that he credited Dr. Tzetzo's finding that Wagner is able to handle simple work tasks involving mainly brief and superficial contact with coworkers and the public and LMSW Marcolini's finding that Wagner has satisfactory ability to understand, remember, and carry out simple instructions, sustain an ordinary routine, and maintain socially appropriate behavior:

> [T]he claimant . . . [is] limited to simple, routine tasks, which can be learned after short demonstration or within 30 days; limited to work with no production rate or pace work; no interaction or only superficial interaction with the public and no more than occasional interaction with co-workers; limited to work that would not require team work such as on a production line and work that requires doing the same tasks every day with little variation in location, hours or tasks.

(Tr. 427). The limitations that ALJ Baird adopted from Dr. Tzetzo's and LMSW Marcolini's opinions are consistent with each other. Additionally, contrary to Wagner's argument, ALJ Baird had good reason not to credit Dr. Tzetzo's or LMSW Marcolini's findings that Wagner is limited in his ability to interact with his supervisors because Dr. Fabiano, to whom ALJ Baird gave great weight, did not include any such limitation in his opinion.

In sum, ALJ Baird's decision to assign "great weight" to Dr. Fabiano's opinion and "some weight" to the opinions of Dr. Tzetzo and LMSW Marcolini is supported by

substantial evidence.[5] ALJ Baird's RFC assessment — which is based upon Dr. Fabiano's opinion, certain portions of Dr. Tzetzo's and LMSW Marcolini's opinions, and other evidence of record — is thus likewise supported by substantial evidence. *See generally Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983) (noting that the opinion of a consultative examiner may constitute substantial evidence); *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (noting that an ALJ's conclusion need not perfectly correspond with any single opinion). Accordingly, Wagner's objection to ALJ Baird's disability decision is without merit.

## CONCLUSION

For the foregoing reasons, Wagner's motion for judgment on the pleadings (Dkt. No. 11) is denied and the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) is granted.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     January 14, 2019
           Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge

---

[5] Contrary to Wagner's argument on reply (*see* Dkt. No. 14 (Wagner Reply Mem. of Law)), the substantial evidence and rationale supporting ALJ Baird's findings are clearly set forth in ALJ Baird's decision and were not raised "post hoc" by the Commissioner in this proceeding.